SOLOMON HUTCHINGS *vs.* TIMOTHY THOMPSON.

The terms "such poor person," and "such pauper," in the Rev. Sts. *c.* 46, §§ 5 and 6, are not confined to poor persons, who have been a public charge, but include all poor and indigent persons, standing in need of relief.

COMPLAINT under Rev. Sts. *c.* 46, § 6, praying the court to assess, and apportion to the respondent, a part of the expenses of the support of certain grandchildren of the respondent, by consanguinity, who had been maintained entirely by the complainant, for the period stated in the complaint. At the hearing in the court of common pleas, before *Mellen,* J. the respondent objected to the complaint because it did not allege, and to the sufficiency of the evidence, because it did not prove, that said grandchildren were "paupers;" or persons who had been a public charge. The presiding judge ruled that such fact need not be averred or proved; and ordered the respondent to pay the sum of two dollars per week for the support of said grandchildren. The respondent excepted to this ruling.

*J. Q. A. Griffin,* for the respondent.

*J. C. Dodge,* for the complainant.

METCALF, J. By the Rev. Sts. *c.* 46, § 5, certain "kindred of any such poor persons shall be bound to support such

pauper in proportion to their respective ability." By § 6, the court of common pleas, " upon complaint made by any town, or by any kindred, who shall have been at any expense for the relief and support of such pauper, may assess and apportion, upon such of the kindred as they shall find to be of sufficient ability, such sum as they shall judge reasonable for or towards the support of the pauper." And the complainant, in this case, seeks an assessment and apportionment upon the respondent, under the foregoing provisions. The respondent denies his liability, on the alleged ground that the word " pauper," in §§ 5 and 6, above cited, is used technically, and means only a person who has received relief and support from a town, under the provisions of the other sections of *c.* 46. And he relies on the opinion of the court, published in 11 Pick. 540, that the amendment to the constitution, which prohibits paupers from voting in certain elections, does not apply to all poor persons who receive or need relief, but only to persons receiving aid and assistance from the public. That such was the meaning of the word " paupers," in that amendment, we cannot doubt. But upon examination of the 46th chapter of the Revised Statutes, we find that the mere word " pauper," without any other description of the person so termed, is never there used in this technical sense. The words " poor and indigent persons in need of relief," " persons in distress and in need of immediate relief," " poor person " and " pauper," are used synonymously, except in those instances in which the person termed " pauper " is also described as having been relieved and supported by a town ; and in those instances a technical pauper would have been designated, if the words " poor person " had been used, instead of the word " pauper." The technical meaning is not evinced by the use of any special word, but by referring to the person, or by describing him, as one who has received support from a town ; which fact constitutes him a technical pauper. See §§ 14, 15, 20.

Section 18 obliges a town " to pay any expense necessarily incurred for the relief of a pauper, by any person who is not liable by law for his support, after notice and request to the overseers of said town, and until provision shall be made by

them." Section 24 imposes a penalty on any person "who shall bring and leave any poor and indigent person in any town wherein such pauper is not lawfully settled, knowing him to be poor and indigent, and with intent to charge such town with his support." To construe the word "pauper" in its technical sense, in these sections, would be manifestly absurd, and would render them nugatory.

What then is the meaning of the words "such pauper," in §§ 5 and 6? Two things are clear; first, that they mean "such poor person" as is before mentioned in § 5; and second, that the words ".such poor person," in that section, mean some person designated in a preceding section. The question is, which section or sections—the third and fourth, or the first and second? The first section obliges towns to "relieve and support all poor and indigent persons lawfully settled therein, whenever they shall stand in need of relief and support." The second section gives to the overseers of the poor the care and oversight of "all such poor and indigent persons, so long as they remain at the charge of their respective towns," and requires the overseers to see that such persons "are suitably relieved, supported and employed, at the charge of such town." These first two sections, and §§ 5 and 6, are reënactments of the first three sections of *St.* 1793, *c.* 59; the third and fourth sections, taken from *St.* 1828, *c.* 142, being interserted, and the meaning of the words "such poor person," in § 5, thereby rendered somewhat less obvious than it was in § 3 of *St.* 1793, or would have been, if the first three sections of that statute had been reënacted consecutively. But as those words are taken from that statute, they must have the meaning which they there had. And we are of opinion that they mean one of that class of persons who are designated, in §§ 1 and 2, as *poor and indigent*, and standing in need of relief; including those who have not received relief from a town, as well as those who have.

If we nad found that the words "such poor person," in § 5, must be construed to mean one of the class mentioned in the immediately preceding section, it would have been necessary to decide whether that class consists of technical paupers. That question has now become immaterial in this case.

In § 6, the words "such pauper," when applied to a person whom a town has relieved, means a technical pauper; not because the term "pauper" is used, but because, by being relieved by a town, he becomes a technical pauper. The same words, however, when applied to one whom his kindred have relieved, do not necessarily so mean. As has been already said, they mean one of the poor and indigent persons mentioned in §§ 1 and 2, whether he be a technical pauper or not. *Exceptions overruled.*